```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

        **v.**                  **Civil No. 06-5146**

**ALVIN A. TOLBERT,**
**ROBERTA SUE TOLBERT,**
**A & R EQUITY HOLDINGS,**
**CITIMORTGAGE, INC.**                                                **DEFENDANTS**

### O R D E R

Now on this \_\_\_\_ day of June, 2007, comes on for consideration the **Motion to File Amended Answer (doc. 13)** and the **Motion to Compel Answers to Interrogatories, Requests for Documents, to Compel the Deposition Testimony of Margaret McCullough, to Extend the Time for Discovery, and to Continue the Trial of this Cause (doc. 14)** of separate defendants Alvin A. Tolbert, Roberta Sue Tolbert, and A&R Equity Holdings.

From the pleadings, the representations of counsel during a telephone conference call held Monday, June 4, 2007, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows:

1. In the separate defendants' **Motion to File Amended Answer (doc. 13)** the separate defendants seek to file an amended anser to include a "previously acknowledged request for jury trial;" to plead homestead and spousal rights; and to make "more specific the claim that the government failed to comply with administrative

requirements prior to collection activities."

Plaintiff opposes the request to amend as it comes more than five and a half months after the December 1, 2006 deadline for the amendment of pleadings which was set by the Court's previous scheduling orders.  Moreover, plaintiff asserts that the proposed amendments would be futile and simply assert frivolous arguments.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires."  However, "'[a] district court can refuse to grant leave to amend a pleading . . . where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In the Court's view, the proposed amended pleading is unnecessary to preserve defendants' request for a jury trial.  That request has already been made and granted by previous orders of the Court.  Moreover, the Court believes that defendants' existing answer -- viewed from a "notice pleading" perspective -- is sufficient to put plaintiff on notice of defendants' contentions that plaintiff will not be able to sustain its claims for relief and judgment against defendants.  Accordingly, since

-2-

allowing the requested amendment would occasion undue and unnecessary delay in the disposition of this case, the Court concludes that separate defendants' **Motion to File Amended Answer (doc. 13)** should be, and it will be, denied.

2. In the separate defendants' **Motion to Compel Answers to Interrogatories, Requests for Documents, to Compel the Deposition Testimony of Margaret McCullough, to Extend the Time for Discovery, and to Continue the Trial of this Case (doc. 14),** they seek to compel plaintiff to respond more fully to certain interrogatories and requests for production of documents and to compel the deposition testimony of Margaret McCullough. They also seek to extend the time for discovery and to continue the trial of this matter.

Plaintiff opposes the motion to compel, and argues that the plaintiff has fully responded to the separate defendants' discovery. Further, plaintiff argues that -- beyond the extent previously answered by the plaintiff -- the information sought is legally irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Stating that the parties have had adequate time to complete discovery, and that discovery is complete, plaintiff also opposes an extension of the discovery schedule. However, plaintiff does not oppose a continuation of the trial date and a corresponding extension of the deadline for

the filing of dispositive motions.

The Court is not persuaded by separate defendants' contentions that plaintiff has not provided proper responses to their discovery. As noted by plaintiff, similar "discovery" efforts made by similarly situated defendants have been rejected by other courts. <u>Aldrich v. Commissioner</u>, 1993 WL 244916 (U.S. Tax Ct. 1993); <u>Gentry v. United States</u>, 962 F.2d 555 (6th Cir. 1992). It does not appear to this Court that requiring further responses from plaintiff would lead to relevant admissible evidence but, rather, that, at best, it might provide fodder for future irrelevant argumentation. The Court, therefore, agrees that plaintiff's response to the discovery at issue is sufficient and that to require a more expansive response is unnecessary.

The Court further concludes that further discovery requested by separate defendants -- including, but not being limited to, the requested deposition of Margaret McCullough -- is neither appropriate nor necessary. Accordingly, the Court finds that the discovery deadline should not be extended.

In light, however, of plaintiff's position, the Court will grant the requested continuance of the scheduled trial date and a corresponding extension of the dispositive motions deadline.

**IT IS, THEREFORE, ORDERED:**

\*      that the **Motion to File Amended Answer (doc. 13)** should

be, and it hereby is **denied**; and,

\*   that the **Motion to Compel Answers to Interrogatories, Requests for Documents, to Compel the Deposition Testimony of Margaret McCullough, to Extend the Time for Discovery, and to Continue the Trial of this Case (doc. 14)** should be, and it hereby is **denied in part and granted in part**:

-- it is **denied** with respect to the request to compel further discovery and to extend the time for discovery; and

-- it is **granted** with respect to the requested continuance of the scheduled trial date and the corresponding extension of the dispositive motions deadline.

A new trial date and a corresponding new dispositive motions deadline will be set by a later order of this Court.

**IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**