IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

        v.           Civil No. 06-5146

ALVIN A. TOLBERT,
ROBERTA SUE TOLBERT,
A & R EQUITY HOLDINGS                                         DEFENDANTS

O R D E R

Now on this 7th day of August, 2007, comes on for consideration defendants' **Motion for Reconsideration of Denial of Motion to Compel and for Order Compelling Discovery (Doc. 26)** and **Motion for Copies of Assessments and Opportunity to Pay and Release Property (Doc. 27).**  The Government has filed a response in opposition to the motions.  (Doc. 29.)  The Court, being well and sufficiently advised, finds and orders as follows:

1.   In a motion to compel filed on May 25, 2007, the defendants sought, among other things, to compel the deposition testimony of Margaret McCullough and to compel production of IRS assessments for the tax years at issue in this action.  (Doc. 14.) On June 5, 2007, the Court denied the motion to compel, finding:

> [S]imilar "discovery" efforts made by similarly situated defendants have been rejected by other courts.  Aldrich v. Commissioner, 1993 WL 244916 (U.S. Tax Ct. 1993); Gentry v. United States, 962 F.2d 555 (6th Cir. 1992). It does not appear to this Court that requiring further responses from plaintiff would lead to relevant admissible evidence but, rather, that, at best, it might provide fodder for future irrelevant argumentation. (Doc. 19 at pg. 4.)

2.   In the motions now before the Court, the defendants seek reconsideration of the order denying the motion to compel and for an order for production of the tax assessments so that the defendants may pay the assessments under 26 U.S.C. § 6337(a).  The defendants also seek to extend the discovery and dispositive motion deadlines by at least 60 days and to continue the trial for at least 90 days.

3.   As the Government points out in its response in opposition (Doc. 29), the arguments made in the instant motions are virtually identical to those rejected by the Court in ruling on the previously filed motion to compel.  Further, the statute cited by the defendants, 26 U.S.C. § 6337(a), provides for payment of assessments to redeem property that "has been levied upon." The statute does not apply in the present action because it is a judicial foreclosure action and not an administrative levy.  See United States v. Heasley, 283 F.2d 422, 427 (8th Cir. 1960); see also United States v. Tempelman, 2002 W.L. 31269832, *1 (1st Cir. 2002).

4.   Based on the foregoing, the Court sees no merit to the instant motions (Docs. 26, 27) and they are, therefore **DENIED** in all respects.

Defendants are reminded that their response to the Government's motion for summary judgment is due on or before August 15, 2007.  If the case is not disposed of by summary

judgment, it will proceed to trial, as scheduled, on October 9, 2007.

The parties are advised that no future extensions or continuances shall be granted absent compelling circumstances.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**